[Civ. No. 366.   First Appellate District.—September 16, 1907.]

## H. C. MORRIS and MARY E. MORRIS, His Wife, Respondents, v. BEKIN'S VAN AND STORAGE COMPANY, Appellant.

COMMON CARRIER—NEGLIGENCE—LOSS OF GOODS—ACTION FOR VALUE—FINDINGS—INCONSISTENT DATES—CLERICAL MISPRISION.—Where the complaint in an action to recover the value of goods lost by negligence of a common carrier alleged that appellant received the goods April 16, 1906, and the answer alleges that they were received April 17 or 18, 1906, a finding that they were delivered April 16, 1907, which subsequently describes the date as ''said 16th day of April, 1906,'' the figures 1907 are evidently a clerical misprision; and a finding that defendant did not deliver the personal property to plaintiffs according to its agreement, but that by its negligence the personal property was destroyed by fire April 19, 1906, renders the clerical misprision immaterial, and sustains the action for its value.

ID.—FINDING AS TO VALUE—BLANK SUMS—FINDING BASED UPON COMPLAINT—SUPPORT OF VERDICT.—Where the complaint alleged that

the value of the property lost was $1,000, a finding that its value "at the time of its delivery to defendant was the sum of $——" shows of itself no value, but another finding that all of the allegations of the complaint are true is sufficient to support a judgment for the sum of $786.45 damages.

APPEAL from a judgment of the Superior Court of Alameda County. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

Edwin L. Forster, for Appellant.

Gibson & Woolner, for Respondents.

KERRIGAN, J.—This is an action brought to recover the value of certain personal property alleged to have been lost by reason of the negligence of the defendant as a common carrier. After a trial by the court sitting without a jury a judgment was entered in favor of plaintiffs. This appeal is from the judgment upon the judgment-roll alone.

1. The complaint shows that the appellant received the goods in question April 16, 1906, and agreed to transport them from San Francisco to Oakland. The trial court found that the time agreed upon for the delivery of the goods was April 16, *1907*. The cause was tried March 30, 1907, seventeen days prior to the date upon which it is found that appellant was to deliver the goods. Appellant contends that, according to this finding, it was not in default either at the commencement of the action or at the time of the trial, and that consequently the judgment against it is unauthorized. The complaint was filed July 25, 1906; the cause was tried November 26, 1906, and judgment was entered April 9, 1907. There is no claim that the action was prematurely brought, nor is there anything in the record which supports the finding that the property was to be delivered in April, 1907. On the contrary, an allegation of the answer shows that delivery of the property was to be made April 17 or 18, 1906; and the finding immediately following the one in question, referring to the date of April 16, 1907, speaks of it as "the said 16th day of April, 1906." We think the finding in question was intended to read April 16, 1906. It is apparent that the figures "1907" are a clerical misprision. Again,

the court found that appellant did not deliver the said personal property to respondents according to its agreement, but that appellant "so negligently conducted and misbehaved in regard to the same in its calling as a carrier" that the said personal property was wholly destroyed by fire April 19, 1906. This finding renders the one in question immaterial. Assuming that the property was to remain in the possession of the appellant until April 16, 1907, nevertheless, immediately upon its loss through the negligence of appellant respondents had a right of action against appellant for damages for its value.

2. The court also found "that the value of said personal property at the time of its delivery to defendant was the sum of $————." Appellant contends that this is a finding that the property was of no value, and that the conclusion of the court that the plaintiffs were entitled to judgment "for the sum of $786.45 damages, the value of said personal property," has no support in the findings. So far as this particular finding is concerned, the criticism is well founded; but the court elsewhere found that all the allegations of the complaint were true; and in the complaint there is an allegation that the value of the property is $1,000.

It is unnecessary to discuss the only other point made in the briefs for the reason that it is disposed of by the position we have taken on the first point discussed in this opinion.

The judgment is affirmed.

Cooper, P. J., and Hall, J., concurred.